# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARC DRAPER,

               Plaintiff,

   v.

DARBY TOWNSHIP POLICE
DEPARTMENT, et al.,

               Defendants.

No. 10-cv-1080

## Opinion

March 7, 2010                                                                                                                                                Pollak, J.

On March 31, 2010, plaintiff Marc Draper filed a pro se complaint which names the following seven defendants: (1) the Darby Township Police Department; (2) Officer Sweeney of the Darby Township Police Department ; (3) Enforcement Towing Co.; (4) the Pennsylvania Department of Transportation; (5) A-Auto; (6) Larry McKee[1]; and (7) the late Judge Edward Zetusky of the Delaware County Court of Common Pleas. Plaintiff's complaint alleges that his vehicle was impounded in violation of the Pennsylvania Vehicle Code. *See* Dkt. 4, at 4 (alleging that his Plymouth Neon was

---

[1] Plaintiff's complaint refers to this defendant as Larry McKer, but McKee's motion to dismiss in this case indicates that his name is spelled McKee.

1

parked on a private lot with no posted parking restrictions, that no notice was placed on his vehicle seven days prior to it being towed, that he did not receive notice by certified mail before his vehicle was towed, and that his vehicle was disabled (citing 75 Pa. Cons. Stat. §§ 3351-53)). Plaintiff further alleges that the impoundment of his vehicle deprived him of property and caused him "pain and suffering from being without much needed transportation." *Id.* at 5. He asks this court to order the return of his vehicle or the payment of equivalent value, as well as damages for pain and suffering and punitive damages. *Id.*

Plaintiff attached to his complaint in this action a petition for the return of property that he filed in Pennsylvania state court on October 23, 2009. *See* Dkt. 4, at 11-13. The petition named as defendants several of the defendants in this action—the Darby PD, Enforcement Towing, and the Pennsylvania Department of Transportation—and included very similar allegations that his vehicle had been impounded in violation of the Pennsylvania Vehicle Code. *See id.* On March 18, 2010, Judge Zetusky of the Delaware County Court of Common Pleas held, after an evidentiary hearing, that the petition was "denied without prejudice to petitioner's right to pursue any other legal remedies which may be available to him." *See* Dkt. 14, at Ex. A (copy of order).[2]

Shortly thereafter, on March 31, 2010, Plaintiff filed the complaint in this action.

---

[2] The court "can review documents attached to the complaint and matters of public record, and . . . may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 526 (3d. Cir. 2009).

*See* Dkt 4. Defendants PennDOT, Judge Zetusky, the Darby PD, and Officer Sweeney have filed various motions to dismiss plaintiff's complaint. *See* Dkt. 6, 14, 21. In addition, on July 27, 2010, defendants Enforcement Towing, A-Auto, and Larry McKee filed a motion for a more definite statement under Rule 12(e). Dkt. 11. On August 6, 2010, Magistrate Judge Angell granted that motion, and ordered plaintiff to file, by August 16, 2010, an amended complaint describing in greater detail the allegations against those defendants. Dkt. 19. As of the date of this opinion, however, plaintiff has failed to file an amended complaint.

For the reasons that follow, the court will grant the various motions to dismiss. It will also dismiss plaintiff's complaint against defendants Enforcement Towing, A-Auto, and Larry McKee for failure to file an amended complaint.

## I. Standard of Review

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Fowler v. UMPC Shadyside*, 578 F.3d, 210-11 (3d Cir. 2009). At the same time, however, "[c]omplaints filed pro se . . . must be liberally construed." *Merritt v. Fogel*, 349 F. App'x 742, 745 (3d

Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S. 89, 93-96 (2007)).

Rule 12(b)(1) allows the court to dismiss a suit for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Third Circuit has noted that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). As a result, a motion to dismiss on Eleventh Amendment grounds "may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.* Challenges to subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009). Facial attacks, like those presented in this case, "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Id.*

## II. Analysis

Liberally construed, plaintiff's pro se complaint appears to allege (1) a claim for violation of the Due Process Clause pursuant to 42 U.S.C. § 1983, and (2) state law claims for violation of the Pennsylvania Vehicle Code, 75 Pa. Cons. Stat. §§ 3351-53. With this construction in mind, the court will address the defendants' various motions.[3]

---

[3] The court has considered all of the arguments made in plaintiff's pro se complaint and responses to the defendants' motions to dismiss. Most of these arguments are utterly without merit. The court will not address such arguments in this opinion, but will instead examine those arguments that it appears plaintiff could reasonably make given the facts alleged in the complaint.

4

A. PennDOT's Motion to Dismiss

Defendant Pennsylvania Department of Transportation ("PennDOT") seeks to dismiss plaintiff's § 1983 claim against it on Eleventh Amendment immunity grounds. Dkt. 6. The Eleventh Amendment bars suits in federal court by a private party against states and state agencies. *Lombardo v. Pa. Dep't of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008). PennDOT is a state agency. *See* 71 Pa. Stat. § 61; *Nails v. Pa. Dep't of Transp.*, 2011 WL 596400, at *2 (3d Cir. 2011). Congress has not abrogated the States' immunity from § 1983 actions, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), and Pennsylvania has declined to consent to suit in federal court, 42 Pa. Cons. Stat. § 8521(b). Accordingly, plaintiff's § 1983 claim against PennDOT will be dismissed.

Plaintiff will not be granted leave to amend its complaint with respect to PennDOT because any such amendment would be futile. *Nails*, 2011 WL 596400, at *2-3. In addition, because plaintiff's federal claim against PennDOT is barred, the court declines to exercise supplemental jurisdiction over any state law claims that plaintiff may have against PennDOT. See 28 U.S.C. § 1367(c)(3); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999).

B. Judge Zetusky's Motion to Dismiss

The motion to dismiss filed by Judge Zetusky shortly before his death attacks plaintiff's complaint on several grounds, but the court will only address two in this

opinion. *See* Dkt. 14 (motion to dismiss); Dkt. 30 (notice of death).[4]

First, the motion argues that plaintiff's § 1983 claim against Judge Zetusky in his individual capacity was barred by the doctrine of absolute judicial immunity, which applies to all judicial acts taken by Judge Zetusky. The court agrees. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Nothing in plaintiff's complaint can be interpreted as an allegation that Judge Zetusky, who sat on a court of general jurisdiction, *see* 42 Pa. Cons. Stat. § 931(a), acted outside of his judicial functions or in the clear absence of jurisdiction in deciding the underlying petition for return of property. *See id.* at 356-57. Therefore, the doctrine of judicial immunity barred plaintiff's § 1983 claim against Judge Zetusky in his individual capacity.

Second, the motion argues that plaintiff's § 1983 claim against Judge Zetusky in his official capacity was barred by the Eleventh Amendment. Again, the court agrees. As noted above, the Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity. The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system," and the term "court" includes "any one or more of the judges of the court." 42 Pa. Cons. Stat. § 102. A suit against a state official in his official capacity is treated as a suit against the state. *Kentucky v.*

---

[4] In *Robertson v. Wegmann*, 436 U.S. 584, 588-90 (1978), the Supreme Court held that the survival of a § 1983 action is determined by looking to state law, so long as it is not inconsistent with federal law or the Constitution. Because plaintiff's claim against Judge Zetusky is barred on immunity grounds, the court will not address whether plaintiff's § 1983 claim would survive Judge Zetusky's death.

6

*Graham*, 473 U.S. 159, 166 (1985). The Delaware County Court of Common Pleas, the court upon which Judge Zetusky sat, is an arm of the state entitled to Eleventh Amendment immunity. *Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3d Cir. 2005). Thus, Judge Zetusky was immune from liability under § 1983 for acts taken in his official capacity.

For these reasons, the court will dismiss plaintiff's § 1983 claim against Judge Zetusky in its entirety. Plaintiff will not be granted leave to amend its complaint to sue Judge Zetusky's estate or other representative because any such amendment would be futile. *See Orr v. Hammaaton*, 2011 WL 13884, at *4 (D.N.J. 2011). Further, the court declines to exercise supplemental jurisdiction over any state law claims that plaintiff may have had against Judge Zetusky. See 28 U.S.C. § 1367(c)(3); *Figueroa*, 188 F.3d at 181.

C. <u>The Motion to Dismiss by the Darby Township Police Department and Officer Sweeney</u>

The motion to dismiss filed by the Darby Township Police Department and Officer Sweeney attacks plaintiff's complaint on several grounds.

First, the motion argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars lower federal courts "'from exercising appellate jurisdiction over final state-court judgments' because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine applies only to "cases brought

7

by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Turner v. Crawford Square Apartments III, L.P.*, the Third Circuit held that the *Rooker-Feldman* doctrine does not apply where a complaint raises claims "not caused by the state-court judgment but instead attributable to defendants' alleged [federal law] violations that preceded the state-court judgment." 449 F.3d 542, 547 (3d Cir. 2006). In this case, plaintiff's pro se complaint, construed liberally, appears to allege a § 1983 claim for the violation of the 14th Amendment's Due Process clause based on the improper impoundment of his vehicle. As in *Turner*, this injury was not caused by the state-court judgment, but rather by an alleged underlying violation of federal law. *Id.* Moreover, plaintiff did not raise a § 1983 due process claim in his state court proceeding. Accordingly, the *Rooker-Feldman* doctrine does not bar plaintiff from pursuing his claims against the Darby PD and Officer Sweeney.

Second, the motion to dismiss argues that plaintiff's claims in this action are barred by the doctrine of res judicata, or claim preclusion. The court disagrees. "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment and, in section 1983 cases, apply the same preclusion rules as would the courts of that state." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) (citations omitted). The Court of

Common Pleas held that plaintiff's petition for return of property was "denied *without prejudice* to petitioner's right to pursue any other legal remedies which may be available to him." *See* Dkt. 14, at Ex. A (copy of order) (emphasis added). Pennsylvania courts have "interpreted the phrase 'without prejudice' as importing the contemplation of further proceedings." *Fox v. Garzilli*, 875 A.2d 1104, 1108 (Pa. Super. Ct. 2005) (internal quotation omitted). As a result, "when this phrase appears in a decree it shows that the judicial act done is not intended to be res judicata of the merits of the controversy." *Id.* (internal quotation omitted); *see also Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.*, 550 A.2d 1333, 1335 (Pa. Super. Ct. 1988) ("[T]he issues raised in an action which is dismissed without prejudice are not res judicata in a subsequent action."). Thus, plaintiff's claims in this action are not barred by the doctrine of claim preclusion.

Third, the motion argues that the Darby Township Police Department is not a "person" subject to suit in a § 1983 civil rights action because it lacks an identity separate from the municipality of which it is a part. The court agrees. *See Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005); *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001). Accordingly, the court dismisses plaintiff's § 1983 claim against the Department. This dismissal is without leave to amend because any amendment of plaintiff's claim against the Department would be futile. The court declines to exercise supplemental jurisdiction over any state law claims that plaintiff may

9

have against the Department. See 28 U.S.C. § 1367(c)(3); *Figueroa*, 188 F.3d at 181.

Fourth, the motion argues that plaintiff's complaint should be dismissed for failing to plead the deprivation of a federal right and for failing to allege how Officer Sweeney was involved in any such deprivation. Alternatively, the motion argues that plaintiff's claim against Officer Sweeney should be dismissed on qualified immunity grounds.

It is true that the allegations in the plaintiff's complaint are not a model of clarity. Nonetheless, as noted above, this court is bound to give a liberal construction to pro se pleadings. Plaintiff included as an attachment to his complaint a letter from the Darby Township Police Department dated September 9, 2009, informing him that his vehicle had "been found abandoned" and had been towed to Enforcement Towing. Dkt. 4, at 7. The letter is signed by Officer Sweeney. *Id.* From this letter, it appears that plaintiff intended to allege that Officer Sweeney either towed or ordered the towing of his car. Liberally construed, then, Plaintiff's complaint alleges that he did not receive notice before his disabled vehicle was towed from a private lot by or at the direction of Officer Sweeney. *See* Dkt. 4, at 4.

As defendant notes, however, plaintiff has no federal right to store disabled vehicles on a private lot. *See* Dkt. 21, at 9.[5] In addition, because plaintiff's vehicle was parked on a private lot, rather than a public highway, plaintiff was not entitled under

---

[5] It should not be noted that plaintiff's complaint does not allege that he owned the private lot on which his vehicle was parked or that he parked there with permission.

Pennsylvania law to receive notice on his vehicle or by certified mail before his vehicle was towed. *See* 75 Pa. Cons. Stat. § 3352(d)(3) ("The provision for notice set forth in this subsection [requiring notice on a vehicle or by certified mail] is applicable only if the vehicle is abandoned upon a *highway* . . . ." (emphasis added)). The letter signed by Officer Sweeney and appended to plaintiff's complaint appears, on its face, to comply with other notice requirements imposed by the Pennsylvania Vehicle Code by identifying plaintiff's vehicle, informing him that it was found abandoned, and explaining that it could be reclaimed within 30 days at Enforcement Towing. *See* 75 Pa. Cons. Stat. § 7305(b).

Thus, to succeed on his § 1983 due process claim, it appears that plaintiff would have to argue that the notice requirements imposed by the Pennsylvania Vehicle Code are constitutionally inadequate because they fail to provide owners of abandoned cars parked on private lots pre-deprivation notice that their car will be towed. Whatever the merits of this theory, it may not be pursued against Officer Sweeney. The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The qualified immunity inquiry has two components: the court must decide (1) whether "the facts that a plaintiff has alleged or shown make out a deprivation of a constitutional right," and (2) "whether

the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 815-16 (citations omitted). *Pearson* reversed *Saucier v. Katz*, 533 U.S. 194 (2001), and held that it is no longer "mandatory" for lower courts to address these questions in order. 129 S.Ct. at 818. *Pearson* also recognized that adherence to the *Saucier* rule can be inappropriate in cases like the present one, where "the briefing of constitutional questions is woefully inadequate." *Id.* at 820.

In determining whether a constitutional right was "clearly established," "the focus is on whether the officer had fair notice that her conduct was unlawful." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). At least one prior court decision has suggested that the Pennsylvania Vehicle Code's notice requirements comply with due process. *See Barshinger v. Buffington*, 2004 WL 3607974, at *10 n.4 (M.D. Pa. 2004) (noting in dicta that plaintiff's procedural due process claim arising from the removal of cars from his property without prior notice would fail because Pennsylvania law "offers the opportunity for a hearing before a vehicle is finally declared abandoned" (citing 75 Pa. Cons. Stat. § 7305(b)(5))).[6] The court has located no precedents to the contrary. Accordingly, the court finds that it is not "clearly established" that the notice requirements imposed by the

---

[6] The court notes that in *Mays v. Scranton City Police Dept.*, 503 F. Supp. 1255 (M.D. Pa. 1980), the court held that "the detention of [plaintiff's] automobile for payment of towing and storage fees without an opportunity to contest the grounds upon which his car was removed denied him due process." *Id.* at 1265. Thus, *Mays* concerned the adequacy of post-deprivation hearing procedures, not the adequacy of the notice that the owners of towed vehicles receive.

12

Pennsylvania Vehicle Code are constitutionally inadequate.

As a result, plaintiff's § 1983 claim against Officer Sweeney will be dismissed. The court declines to exercise supplemental jurisdiction over any state law claims that plaintiff may have against Officer Sweeney. See 28 U.S.C. § 1367(c)(3); *Figueroa*, 188 F.3d at 181. "[A] district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Because plaintiff's description of the circumstances surrounding the towing of his vehicle is so threadbare, the court cannot conclude that amendment would necessarily be futile, and the court will therefore permit plaintiff to amend his complaint. If the plaintiff chooses to file an amended complaint, he must describe in greater detail the factual circumstances surrounding the towing of his vehicle. Plaintiff should also provide a clearer indication of his legal claims against defendant Sweeney.

E. <u>The Motion for a More Definite Statement by Enforcement Towing, A-Auto, and Larry McKee</u>

As noted above, Judge Angell granted the motion for a more definite statement made by defendants Enforcement Towing, A-Auto, and Larry McKee and ordered plaintiff to file, by August 16, 2010, an amended complaint describing in greater detail the allegations against those defendants. As of this date, plaintiff has failed to file an amended complaint against those defendants. As a result, the court will dismiss plaintiff's claims against Enforcement Towing, A-Auto, and Larry McKee, and will not grant plaintiff leave to amend his complaint with respect to those defendants. *See Watson*

*v. Washington Twp. Pub. Sch. Dist.*, 2011 WL 213478, at *2 (3d Cir. 2011) (per curiam) (affirming district court's dismissal of complaint on ground that plaintiff "failed to comply with [an] order that she provide a more definite statement").

### III. Conclusion

For the foregoing reasons, plaintiffs' complaint is dismissed in its entirety. As described above, plaintiff may, if he wishes, file an amended complaint presenting his claims against Officer Sweeney. Plaintiff may not amend his complaint with respect to the other defendants. An appropriate order follows.

BY THE COURT:

 LHP             

Pollak, J.