## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARC DRAPER,

             Plaintiff,

     v.

DARBY TOWNSHIP POLICE
DEPARTMENT, et al.,

             Defendants.

No. 10-1080

July _27_, 2011

### MEMORANDUM ORDER

On March 31, 2010, plaintiff Marc Draper filed a pro se complaint against numerous defendants alleging that his vehicle was impounded in violation of the Pennsylvania Vehicle Code and the Due Process Clause of the Fourteenth Amendment. On March 7, 2011, this court dismissed Draper's complaint in its entirety, and granted Draper leave to file an amended complaint against Officer Sweeney. *See Draper v. Darby Twp. Police Dep't*, — F. Supp. 2d —, 2011 WL 830292, at *6 (E.D. Pa. Mar. 7, 2011). Draper filed an amended complaint on April 6, 2011, and thereafter Officer Sweeney filed a motion to dismiss. For the following reasons, Sweeney's motion to dismiss will be granted, and Draper's amended complaint will be dismissed with

1

prejudice.

## I.      Background

According to the amended complaint, on September 8, 2009, Officer Sweeney "towed or ordered the towing" of Draper's Plymouth Neon, which was parked in a private parking lot accessible to the public located next to a mall in Sharon Hill, Pennsylvania. Am. Compl. 3.  Draper subsequently received a letter, dated September 9, 2009, and signed by Officer Sweeney, which stated that his vehicle was towed because it "ha[d] been found abandoned."  *See* Compl. 7.  Draper received a second letter, dated September 29, 2009, from the Pennsylvania Department of Transportation ("DOT"), stating that the vehicle would be "disposed of" if Draper did not claim it within thirty days.  *See* Compl. 8.  Draper alleges that Sweeney's actions (1) constituted a due process violation, (2) violated the Fourth Amendment's prohibition on unreasonable seizures, and (3) violated provisions of Pennsylvania law governing the towing of vehicles.[1]  Am. Compl. 3–4. Each of these arguments is addressed below.

## II.     Discussion

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*

---

[1] Draper also asserts that Officer Sweeney impersonated an attorney and/or an officer of the court.  The court finds these conclusory assertions, which are unsupported by any well-pled factual allegations, to be frivolous.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  At the same time, however, "[c]omplaints filed pro se . . . must be liberally construed." *Merritt v. Fogel*, 349 F. App'x 742, 745 (3d Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–96 (2007)).

First, Draper argues that he received no notice *before* his car was towed, in violation of his Fourteenth Amendment right to Due Process and 75 Pa. Cons. Stat. § 3352.[2]  Am. Compl. 4 ¶¶ 7, 9.  This very claim was rejected in this court's March 7, 2011, opinion dismissing Draper's first complaint.  *See Draper*, 2011 WL 830292, at *5 (explaining that Draper's claim was barred on qualified immunity grounds and that Draper was not entitled to notice under 75 Pa. Cons. Stat. § 3352 because his car was not parked on a highway).  Draper has alleged no new facts that alter the court's earlier analysis, and his Due Process claim must therefore fail for the reasons stated in this court's previous analysis.

Draper also argues that, under the Fourteenth Amendment's Due Process Clause, he should have been afforded a hearing *after* his car was towed but before his car was

---

[2] Draper denies that he is alleging a Fourteenth Amendment violation, and instead insists that he is making a Fourth Amendment due process violation.  *See* Docket No. 36, at 13 (Objections to Motion to Dismiss).  Because the Fourth Amendment does not contain a due process provision, the court construes this pro se allegation as a Fourteenth Amendment due process claim.

finally declared abandoned.  Am. Compl. 4 ¶ 6.  Under Pennsylvania law, a vehicle owner must be notified of his right to a hearing before his vehicle is finally declared abandoned. 75 Pa. Cons. Stat. § 7305(b)(5); *Barshinger v. Buffington*, 2004 WL 3607974, at *10 n.4 (M.D. Pa. June 10, 2004).  The letter which Draper received from the DOT, dated September 29, 2009, did not disclose Draper's right to such a hearing.  *See* Docket No. 4, at 8.  However, even if this omission rises to the level of a due process violation, Draper provides no evidence that this failure was attributable to Officer Sweeney, as opposed to the DOT, which authored the deficient letter.  *See id.* (letter sent by the DOT's Bureau of Motor Vehicles, Abandoned Vehicle Unit).  Thus, the court cannot "draw the reasonable inference that [Officer Sweeney] is liable for the misconduct alleged," and Draper's due process claim must fail.  *Iqbal*, 129 S. Ct. at 1949.

Second, Draper argues that his Fourth Amendment right to be free of unreasonable seizure was violated when Sweeney ordered that Draper's car be towed from a private lot without first obtaining a warrant.[3]  Am. Compl. 3 ¶ 5.  Under Pennsylvania law, a vehicle shall be presumed to be abandoned if it has "remained on private property without the consent of the owner or person in control of the property for more than 24 hours."  75 Pa. Cons. Stat. § 102.  Pennsylvania law requires police officers or other personnel designated by a municipality (a) to "process all vehicles presumed to be abandoned" and

---

[3] The court construes the complaint to allege only an unreasonable seizure of his car because Draper made no factual allegations that his car was actually searched.

4

(b) to issue an abandoned vehicle information report authorizing a licensed salvor to "remove, possess and further process the abandoned vehicle." *Id.* § 7303.1.

Draper's amended complaint does not state, and the record does not indicate, when exactly Draper initially parked his car in the lot.[4]  However, Draper's objections to the motion to dismiss state that "arrangements were made for removal of [the] vehicle as soon as possible" and that "excluding the [h]oliday, Labor Day, [T]uesday after the [h]oliday was the soonest [arrangements] could be made." *See* Docket No. 36, at 15.  The court interprets Draper's statement as a concession that his vehicle was parked on the private lot for at least all of Labor Day and part of the following day, and thus for more than twenty-four hours.  Accordingly, Officer Sweeney's action of ordering the towing of Draper's vehicle as abandoned complied with Pennsylvania law.[5]

As a result, even if Officer Sweeney's conduct amounted to a violation of the Fourth Amendment—an issue the court does not reach—Officer Sweeney is entitled to qualified immunity.  Draper has not cited, and this court has not located, any precedent that would support the proposition that Sweeney's actions, which were consistent with Pennsylvania law, "'violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231

---

[4] This omission is notable in light of the fact that this court's prior opinion granting Draper leave to amend instructed him to "describe in greater detail the factual circumstances surrounding the towing of his vehicle." *Draper*, 2011 WL 830292, at *6.

[5] As noted in this court's prior opinion, Draper has not alleged that he parked in the lot with permission.

(2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  A reasonable person in Officer Sweeney's position would not have known that his actions, taken in compliance with the pertinent Pennsylvania statutes, contravened the Fourth Amendment.  Sweeney is therefore not subject to suit for this alleged Fourth Amendment violation.

Third, Draper alleges various violations of the Pennsylvania Vehicle Code. Because the court will dismiss Draper's federal claims for the reasons explained above, the court declines to exercise supplemental jurisdiction over these state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999).

## III.    Conclusion

For the preceding reasons, it is hereby **ORDERED** that the defendant's motion to dismiss is **GRANTED**, and the plaintiff's amended complaint is hereby **DISMISSED** with prejudice.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.

6