UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC DRAPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARBY TOWNSHIP POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Civil Action<br>No. 10-1080 |

**Memorandum and Order**

January <u>10</u>, 2012　　　　　　　　　　　　　　　　　　　　　　　　　　　　Pollak, J.

　　Presently before the court is plaintiff Marc Draper's pro se motion for reconsideration of this court's previous decisions, which dismissed with prejudice his complaint and his amended complaint in an action Draper brought under 42 U.S.C. § 1983. (Docket no. 38) The motion will be granted with regard to Draper's claim against Officer Sweeney of the Darby Township Police Department ("DTPD") and denied with regard to his claims against the remaining defendants.

**I.　　Background**

　　On March 31, 2010, Draper filed a pro se complaint against various defendants, among them Officer Sweeney, the DTPD, Enforcement Towing Co., and the late Judge

1

Edward Zetusky of the Delaware County Court of Common Pleas.  Draper's March 31, 2010 complaint alleged, *inter alia*, that: (1) his vehicle was "parked on a private lot with no posted parking restrictions" in Sharon Hill, PA; (2) his vehicle was towed at approximately 10:20 a.m. on September 6, 2009; and (3) his vehicle was impounded in violation of the Pennsylvania Vehicle Code.  Draper attached to his complaint a notice dated September 9, 2009 and signed by Sweeney notifying Draper that his vehicle had been found abandoned and towed to Enforcement Towing.  Draper's claim against Judge Zetusky was based on Judge Zetusky's denial of a Petition for Return of Property related to Draper's towed car.  Draper alleged injuries in the form of deprivation of property and pain and suffering for being without needed transportation, and requested relief in the form of return of his vehicle or payment of $4500 (the estimated value of his vehicle), damages for pain and suffering, and punitive damages.

On March 7, 2011, this court dismissed Draper's complaint in its entirety, granting him leave to file an amended complaint only against Sweeney. *See Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850 (E.D. Pa. 2011).  Draper filed an amended complaint on April 6, 2011, alleging, *inter alia*, that: (1) "Officer Sweeney towed or ordered the towing of [Draper's] 2000 Plymouth Neon"; (2) the car was parked in a "private lot with public access" located at a "small mall" in Sharon Hill, PA; (3) "Officer Sweeney did not obtain a warrant prior to search and seizure of motor vehicle"; and (4) "Officer Sweeney violated provisions provided in PA for towing."

Sweeney subsequently filed a motion to dismiss, which this court granted on July 27, 2011.

In the present motion, filed on August 10, 2011, Draper requests that the court reconsider its July 27, 2011 order and portions of its March 7, 2011 order.

## II. Discussion

### A. July 27, 2011 Order

Draper challenges the court's determination, in its July 27, 2011 memorandum and order, that Sweeney was entitled to qualified immunity on Draper's Fourth Amendment unlawful seizure claim.  The court ruled that Sweeney was entitled to qualified immunity because he acted in compliance with 75 Pa. Cons. Stat. § 7303.1, which authorizes officers to order the removal of "vehicles presumed to be abandoned."  Under Pennsylvania Law, a vehicle "shall be presumed to be abandoned . . . [if it has] remained on private property without consent of the owner or person in control of the property for more than 24 hours."  In reaching this determination, the court observed that "Draper's amended complaint does not state, and the record does not indicate, when exactly Draper initially parked his car in the lot."  However, in his objections to Sweeney's motion to dismiss, Draper stated that "arrangements were made for the removal of [the] vehicle as soon as possible" and that "excluding the [h]oliday, Labor Day, [T]uesday after the [h]oliday was the soonest [arrangements] could be made."  The court interpreted these statements as a concession that Draper's vehicle was parked in the mall parking lot for

3

more than twenty-four hours.

In the present motion for reconsideration, Draper contends that "[t]he court erred in tolling the time. Labor Day till the day after Labor Day is less than 24 hours" and "[t]he vehicle was not on a private lot more than 24 hours." (Docket 38, at 9 &14.) The court therefore construes Draper's motion for reconsideration as a motion to amend his amended complaint to allege that his vehicle was parked in the mall parking lot for not more than twenty-four hours. The procedurally proper way to address a motion to amend a pleading raised in a Rule 59(e) motion is to "determine what outcome is permitted by consideration of the Rule 15(a) factors." *Burtch v. Milberg Factors, Inc.*, __ F.3d __, 2011 WL 5027511 at *15-*16 (3d Cir. 2011). The Rule 15(a) factors include "undue delay, bad faith, prejudice, or futility." *Id.* A motion to amend a complaint brought under Rule 59(e) may be denied as futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Great Western Mining & Mineral Co. v. Fox Rothchild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (internal quotation marks and citation omitted). However, "a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Sweeney argues that he is entitled to qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A right may be "clearly established" where there is "some but not precise factual correspondence between relevant precedents and the conduct at issue." *McLaughlin v. Watson*, 271 F.3d 566, 571 (3d Cir. 2001). The impoundment of an automobile is a Fourth Amendment seizure. "A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). As a general rule, a law enforcement officer may only seize property pursuant to a warrant based on probable cause. Police may, however, exercise discretion to impound a vehicle "so long as that discretion is exercised according to standard criteria." *Colorado v. Bertine*, 479 U.S. 367, 375 (1987). Additionally, the "community caretaking" exception to the warrant requirement permits police to remove and impound automobiles that "jeopardize . . . the public safety and the efficient movement of vehicular traffic." *South Dakota v. Opperman*, 428 U.S. 364, 367 (1976).

Qualified immunity may very well shield Sweeney from suit. However, because the court granted Sweeney's motion to dismiss, which was filed in lieu of an answer,

Sweeney has not yet submitted evidence of his reasons for ordering the impoundment of Draper's vehicle.  It thus appears that it would not necessarily be futile to amend the amended complaint to allege that Draper's car was not parked in the mall parking lot for more than 24 hours, as it is possible that Draper could prove a set of facts under which Sweeney could not reasonably have believed he had a constitutionally permissible reason to order the impoundment of Draper's vehicle.  Of the other Rule 15(a) factors—undue delay, bad faith, and prejudice—none weighs against granting the motion.

For the above reasons, the court will grant Draper's Rule 59(e) motion and permit him to file a second amended complaint alleging facts tending to establish that his car was parked in the mall parking lot for not more than twenty-four hours.

### B. March 7, 2011 Order

Although the present motion is styled as a Rule 59(e) motion, its arguments with regard to the dismissal of Draper's claims against Judge Zetusky, DTPD, and Enforcement Towing are directed at the court's March 7, 2011 order.  Because a the motion is untimely as to issues decided in the March 7, 2011 order, the court construes the portions of Draper's motion addressing those issues as a Rule 60(b) motion.  *See*, *e.g.*, *Ahmed,* 297 F.3d at 209 (3d Cir. 2002) (construing untimely Rule 59(e) motion as Rule 60(b) motion).  "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it."  *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986).  Having considered the arguments raised in Draper's present motion,

6

the court concludes that it properly dismissed his claims against Judge Zetusky, DTPD, and Enforcement Towing for the reasons stated in the court's March 7, 2011 opinion. Thus, Draper has failed to demonstrate the special circumstances necessary to justify a grant of relief under Rule 60(b).

### III. Conclusion

For the foregoing reasons, it is hereby ordered that:

1. Plaintiff's Rule 59(e) Motion to Alter or Amend the Court's Order Dismissing Plaintiff's Amended Complaint with Prejudice is hereby **GRANTED** as to the claim against defendant Sweeney. Accordingly, Draper is hereby authorized to file a second amended complaint no later than 14 days from the date of this order;

2. Draper's motion is **DENIED** as to his claims against the remaining defendants.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.