IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC DRAPER, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 10-1080 |
| | : | |
| DARBY TOWNSHIP POLICE | : | |
| DEPARTMENT, et al., | : | |
|     Defendants. | : | |

# M E M O R A N D U M

STENGEL, J.                                                                                                December 5, 2012

This § 1983 action marks the fourth chapter in the story of Marc Draper's Plymouth Neon. Defendant Officer Sweeney of the Darby Township Police Department (DTPD) filed a motion to dismiss Draper's second amended complaint, which I will grant for the following reasons.

**I.  BACKGROUND**

    **A.  Factual Background**

According to the second amended complaint, "on or about Labor Day of September 2009," Officer Sweeney "tow[ed] or order[ed] the [t]ow[ing]" of Draper's Plymouth Neon, which was parked in a mall parking lot in Sharon Hill, Pennsylvania. Doc. No. 44 at 3. On September 9, 2009, Draper received a letter signed by Officer Sweeney indicating that Draper's vehicle was towed because it "ha[d] been found abandoned." Doc. No. 4 at 7. Draper argues that the towing of his vehicle violated his Fourth Amendment right to be free from unreasonable seizure.

B.     **Procedural Background**

On March 31, 2010, Draper filed a pro se complaint against various defendants, among them Officer Sweeney, the DTPD, Enforcement Towing Co., and the late Judge Edward Zetusky of the Delaware County Court of Common Pleas.  Draper's March 31, 2010, complaint alleged that (1) his vehicle was "parked on a private lot with no posted parking restrictions" in Sharon Hill, Pennsylvania, (2) his vehicle was towed at approximately 10:20 a.m. on September 6, 2009, and (3) his vehicle was impounded in violation of the Pennsylvania Vehicle Code.  Doc. No. 4 at 3.  On March 7, 2011, the late Judge Louis Pollak dismissed Draper's complaint in its entirety and granted him leave to file an amended complaint only against Officer Sweeney.  See Draper v. Darby Twp. Police Dep't, 777 F. Supp. 2d 850 (E.D. Pa. 2011) [hereinafter Draper I].  In granting Draper leave to amend, Judge Pollak instructed him to "describe in greater detail the factual circumstances surrounding the towing of his vehicle."  Id. at 857.

Draper filed an amended complaint on April 6, 2011, alleging that (1) "Officer Sweeney towed or ordered the towing of [Draper's] 2000 Plymouth Neon," (2) the car was parked in a "private lot with public access" located at a "small mall" in Sharon Hill, Pennsylvania, (3) "Officer Sweeney did not obtain a warrant prior to search and seizure of motor vehicle," and (4) "Officer Sweeney violated provisions provided in PA for towing."  Doc. No. 33 at 3.  Draper alleged for the first time that Officer Sweeney's actions violated Draper's Fourth Amendment right to be free from unreasonable seizure.  Officer Sweeney filed a motion to dismiss, which Judge Pollak granted, with prejudice,

on July 27, 2011.  See Draper v. Darby Twp. Police Dept., 10-1080, 2011 WL 3240835 (E.D. Pa. July 29, 2011) [hereinafter Draper II].

As to Draper's Fourth Amendment claim, Judge Pollak noted in Draper II that under Pennsylvania law, a vehicle shall be presumed to be abandoned if it has "remained on private property without the consent of the owner or person in control of the property for more than 24 hours." 75 Pa. Cons. Stat. § 102.  Pennsylvania law requires police officers (a) to "process all vehicles presumed to be abandoned" and (b) to issue an abandoned vehicle information report authorizing a licensed salvor to "remove, possess and further process the abandoned vehicle." Id. § 7303.1.  Despite Judge Pollak's previous instruction to "describe in greater detail the factual circumstances surrounding the towing of his vehicle," Draper I at 857, Draper's amended complaint failed to specify "when exactly Draper initially parked his car in the lot," Draper II at *2.  However, Draper indicated in his response that "arrangements were made for removal of [the] vehicle as soon as possible" and that "excluding the [h]oliday, Labor Day, [T]uesday after the [h]oliday was the soonest [arrangements] could be made." Doc. No. 36 at 15.  Judge Pollak interpreted Draper's statement as a concession that his vehicle was parked in the lot more than 24 hours.  Accordingly, Judge Pollak held that Officer Sweeney was entitled to qualified immunity because "[a] reasonable person in [his] position would not have known that his actions, taken in compliance with the pertinent Pennsylvania statutes, contravened the Fourth Amendment." Draper II at *2.

On August 10, 2011, Draper filed a motion for reconsideration of Judge Pollak's orders dismissing his case.  Draper contended for the first time that his "vehicle was not

3

on a private lot more than 24 hours." Doc. No. 38 at 14. Judge Pollak therefore construed Draper's motion "as a motion to amend his amended complaint to allege that his vehicle was parked in the mall parking lot for not more than twenty-four hours." Draper v. Darby Twp. Police Dept., CIV.A. 10-1080, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012) [hereinafter Draper III]. Judge Pollak granted Draper's motion as to Officer Sweeney, reasoning that "it would not necessarily be futile to amend the amended complaint to allege that Draper's car was not parked in the mall parking lot for more than 24 hours, as it is possible that Draper could prove a set of facts under which Sweeney could not reasonably have believed he had a constitutionally permissible reason to order the impoundment of Draper's vehicle." Id. at *3.

On January 20, 2012, Draper filed a second amended complaint against Officer Sweeney, alleging that "on or about Labor Day of September 2009," Officer Sweeney "tow[ed] or order[ed] the [t]ow[ing]" of Draper's Plymouth Neon. Doc. No. 44 at 3. This time, he alleges that his "vehicle was not parked on the mall parking [lot] for more than 24 hours." Id. Officer Sweeney again moved to dismiss.[1]

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

---

[1] This case was transferred to me on May 16, 2012, following Judge Pollak's passing.

'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "[C]onclusory or 'bare-bones' allegations will no[t] . . . survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). At the same time, however, "[c]omplaints filed pro se ... must be liberally construed." Merritt v. Fogel, 349 F. App'x 742, 745 (3d Cir. 2009) (citing Erickson v. Pardus, 551 U.S. 89, 93-96 (2007)).

## III. DISCUSSION

Draper argues that Officer Sweeney violated Draper's Fourth Amendment right to be free from unreasonable seizure by towing Draper's vehicle without first obtaining a warrant.[2] Officer Sweeney counters that Draper still has not alleged that his car was parked in the lot fewer than 24 hours. I agree with Officer Sweeney that Draper's second amended complaint still fails to allege *facts* tending to establish that his car was parked in the lot fewer than 24 hours. Thus, Judge Pollak's analysis in Draper II is fully applicable here, and Officer Sweeney is entitled to qualified immunity.

Draper has identified a different date and time that his car was towed in each of his three complaints. Draper's inconsistency is fatal given Judge Pollak's clear instruction on what Draper must do to stave off dismissal of his Fourth Amendment claim. In his original complaint, Draper claimed that his car was towed on September 6, 2009, at 10:20

---

[2] Draper also asserts that Officer Sweeney "is not a [g]overnment [o]fficial." Doc. No. 44 at 3. He claims Officer Sweeney "drafted and signed a fictitious form without [a] Pennsylvania [s]tate [s]eal." Id. Judge Pollak previously dismissed as frivolous nearly identical allegations in Draper's amended complaint. Draper II at *1 n.1. Because Draper's claims are as factually unsupported here as they were in Draper II, they are dismissed.

5

a.m. In granting Draper leave to amend, Judge Pollak directed him to "describe in greater detail the factual circumstances surrounding the towing of his vehicle." Draper I at 857. Draper subsequently claimed in his amended complaint that his car was towed on September 8, 2009, at 10:00 a.m. In dismissing Draper's Fourth Amendment claim, Judge Pollak observed that "Draper's amended complaint does not state, and the record does not indicate, *when exactly Draper parked his car in the lot*." Draper II at \*2 (emphasis added). Judge Pollak found this omission to be "notable," id. at \*2 n.4, in light of his instruction in Draper I. Draper thereafter claimed in his motion for reconsideration, which Judge Pollak construed as a motion for leave to amend, that his car was parked in the lot fewer than 24 hours. In granting Draper's motion, Judge Pollak "permit[ted] [Draper] to file a second complaint *alleging facts* tending to establish that his car was parked in the mall parking lot for not more than twenty-four hours." Draper III at \*3 (emphasis added). Draper now claims in his second amended complaint that his car was towed "on or about Labor Day of September 2009"; that is, September 7, 2009. Doc. No. 44 at 3. He does not elaborate further. Thus, although Draper has finally alleged that his car was parked in the lot fewer than 24 hours, he still has not set forth any well-pled *facts* supporting his allegation. Indeed, the date Draper claims he parked his car in the lot has become more unclear ("on or about Labor Day of September 2009"), and he fails to even identify a time.[3] Given Judge Pollak's clear reasoning and instruction in Drapers I, II, and III, Draper's failure, after three bites at the apple, to

---

[3] Although Draper repeatedly claims in his response that "on or about Labor Day of September 2009" is a date *and* time, it is, of course, only a date (and it is barely that given Draper's use of "on or about").

6

specify the precise date and time he parked his car in the lot is fatal to his Fourth Amendment claim against Officer Sweeney.

Moreover, the only allegation in the second amendment complaint that addresses the date and time Draper's vehicle was towed indicates he was parked on the lot more than 24 hours. Draper cites Federal Rule of Civil Procedure 6(a) for the apparent proposition that weekends and legal holidays do not count in determining when a vehicle is "presumed to be abandoned" under 75 Pa. Cons. Stat. § 102. Draper appears to reason that because his car was parked in the lot "on or about Labor Day," a legal holiday, he was not parked there "for a time tolling more than 24 hours." Rule 6, however, has no bearing on substantive time periods contained in a state's motor vehicle code.[4]

In sum, Draper has had three opportunities to file a complaint stating a plausible Fourth Amendment claim against Officer Sweeney. Despite numerous instructions from the court to supplement the facts surrounding the towing of his vehicle, particularly the date and time he parked it in the lot, he has on each occasion failed to do so. Because Draper has failed to plausibly allege his vehicle was parked in the mall parking lot fewer than 24 hours, Officer Sweeney is entitled to qualified immunity for the reasons set forth by Judge Pollak in Draper II.

---

[4] In any event, Judge Pollak rejected this very argument in Draper II. There, Draper contended that "*excluding the [h]oliday, Labor Day*, [T]uesday after the [h]oliday was the soonest [arrangements] could be made [to remove the vehicle]." Doc. No. 36 at 15 (emphasis added). As indicated, because Draper failed to specify in his amended complaint "when exactly [he] parked his car in the lot," Judge Pollak interpreted Draper's statement regarding the holiday as a concession that he "was parked on the private lot for at least all of Labor Day and part of the following day, and thus for more than twenty-four hours." Draper II at *2. Judge Pollak's reasoning holds equal force here given that Draper has again failed to specify when he parked his car in the lot.

7

## IV. CONCLUSION

For the foregoing reasons, Draper's second amended complaint is dismissed, with prejudice.

An appropriate order follows.